Honorable John E. Scott State Senator, District 3 6659 Lindenwood Place St. Louis, Missouri 63109
Dear Senator Scott:
This is in response to your request for an opinion from this office as follows:
 "After successfully passing the medical examination as prescribed by law under R.S.Mo, Chapter 87, Sections 87.005 and 87.006, if a fireman succumbs to a disabling heart or lung disease, would the disease have to be attributed to a specific emergency response, or is it presumed that this condition of impairment of health was due to exposure on the job over a period of time?
 "A fireman has a heart attack at the fire house or at home, but not while in the actual performance of duty. Is it presumed to have been suffered in the line of duty?"
Section 87.005, RSMo 1969, to which you refer, provides as follows:
 "1. Notwithstanding the provisions of any law to the contrary, after five years' service, any condition of impairment of health caused by any disease of the lungs or respiratory tract, hypertension, or disease of the heart resulting in total or partial disability or death to a uniformed member of a paid fire department, who successfully passed a physical examination within five years prior to the time a claim is made for such disability or death, which examination failed to reveal any evidence of such condition, shall be presumed to have been suffered in line of duty, unless the contrary be shown by competent evidence.
 "2. This section shall apply only to the provisions of chapter 87, RSMo 1959."
Section 87.006, RSMo 1969, to which you refer, provides as follows:
 "1. Notwithstanding the provisions of any law to the contrary, and only for the purpose of computing retirement benefits provided by an established retirement plan, after five years' service, any condition of impairment of health caused by any disease of the lungs or respiratory tract, hypotension, hypertension, or disease of the heart resulting in total or partial disability or death to a uniformed member of a paid fire department, who successfully passed a physical examination within five years prior to the time a claim is made for such disability or death, which examination failed to reveal any evidence of such condition, shall be presumed to have been suffered in line of duty, unless the contrary be shown by competent evidence.
 "2. This section shall apply to paid members of all fire departments of all counties, cities, towns, fire districts and other governmental units."
Section 87.005 was enacted by House Bill No. 143, 74th General Assembly, which was approved by the Governor on June 28, 1967, and became effective September 13, 1967.
Section 87.006 was enacted by House Bill No. 240, 75th General Assembly, which was approved by the Governor on June 27, 1969, and became effective October 13, 1969.
On February 7, 1967, this office issued Opinion No. 92 to John E. Downs, in which we stated that Section 87.045, RSMo 1959, did not authorize retirement and payment of pension to a permanently disabled fireman, whose disability resulted from an occurrence while off duty which was in no way connected with the fireman's duties. After the enactment of the above two statutes, our opinion was withdrawn.
In McCarthy v. Board of Trustees of Firemen's Retirement Systemof St. Louis, 462 S.W.2d 827 (St.L. Mo.App. 1970), plaintiff, a disabled thirty year veteran of the St. Louis Fire Department, was retired and awarded an annual pension for ordinary disabilities on the ground that he was suffering from a disabling heart condition. On December 4, 1967, before his first claim was decided, he filed a more general claim in which he claimed his heart condition was suffered in the line of duty and that he was entitled to an additional pension on the ground that his disability was service connected relying on the provisions of Section 87.005.
The evidence was that while plaintiff was fighting a fire on May 24, 1965, he fell and struck his back on the corner of a stack of shingles. He was given emergency treatment and was off work for a month complaining of soreness in his back and rib, a burning sensation in his lung, and a shortness of breath. He continued to work until April, 1967, almost two years after his accidental fall. The board of trustees of the firemen's retirement system of St. Louis denied plaintiff's claim of disability arising from accidental injury which was affirmed by the court in this case; and the court then considered his later claim that his disabling heart condition was suffered in the line of duty under the statutory presumption of Section 87.005. The court held that the statute which was enacted after the plaintiff became disabled should be applied retroactively because it prescribes a rule of evidence saying that one fact establishes a rebuttable presumption of another fact, that is, the successful passing of a physical examination within a certain time is a prima facie showing that subsequent heart disease was suffered in the line of duty. It created a procedural right, not a substantive right; and the presumption could be applied retroactively to disability benefit cases pending at the time the statute became effective.
The court then discussed a provision of Section 87.005 regarding the type of physical examination required by the statute that any member of a paid fire department who has successfully passed a physical examination within five years prior to the time a claim is made for such disability or death, which examination failed to reveal any evidence of such condition, shall be presumed to have been suffered in the line of duty, unless the contrary be shown by competent evidence. The court then set out a standard for the physical examination prescribed by Section 87.005 which must be followed for this presumption to be applied. Although plaintiff was denied retirement benefits in this case, it was not on the basis that his contention that his heart attack was suffered while in the line of duty but it was denied due to the insufficiency of the physical examination given him by the doctor prior to the time he had his heart attack.
In Opinion No. 47 issued by this office on February 19, 1974, to Kenneth J. Rothman (copy enclosed), in which he inquired what would constitute a proper physical examination for the purposes of House Bill No. 240 (Section 87.006), we gave our interpretation of the court decision in McCarthy v. Board of Trustees of Firemen'sRetirement System of St. Louis, supra, and concluded that the same construction of the provision of Section 87.005 concerning a physical examination necessary to raise the statutory presumption should be given to House Bill No. 240 (Section 87.006).
Although the appellate court in McCarthy v. Board of Trusteesof Firemen's Retirement System of St. Louis, supra, denied retirement benefits to a plaintiff who claimed the heart attack suffered two years after the accident he had while actually fighting a fire, was in the line of duty, it was denied on the basis that he had not produced evidence concerning his physical examination sufficient to raise a presumption under the provisions of Section 87.005. Apparently, if his physical examination had been sufficient as required under Section 87.005 to raise the presumption, his claim for retirement benefits on the basis that he had suffered the heart attack while in the line of duty based on the presumption would have been allowed.
CONCLUSION
It is the opinion of this office that under the provisions of Sections 87.005 and 87.006, RSMo 1969, any fireman who has complied with the provisions of these sections and succumbs to any condition of impairment of health caused by any disease of the lungs or respiratory tract, hypertension, or disease of the heart resulting in total or partial disability or death it is to be presumed that it was suffered in the line of duty unless the contrary is shown by competent evidence.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Moody Mansur.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 47 2-19-74, Rothman